UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Jonesboro Division

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**MAY 0 1 2017**

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

--------------------------------------------------------------x

Tiara Hopkins

                                 Plaintiff,

Case No: *3:17-cv-00101 DPM*

**COMPLAINT**

        -v.-

Revenue Assurance Professionals, LLC

This case is assigned to District Judge *MARSHALL*
and to Magistrate Judge *HARRIS*

                                 Defendant.

--------------------------------------------------------------x

        Plaintiff Tiara Hopkins ("Plaintiff") by and through her attorneys, Zemel Law, LLC as

and for its Complaint against Defendant Revenue Assurance Professionals, LLC ("Defendant")

respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C.

    § 1692 *et seq*. and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violation(s) of 15 U.S.C.

    § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Arkansas, County of Crittenden, residing at 391 Cypress

    Point Road, Apt. 2, West Memphis, AR 72301 .

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in

the FDCPA, with an address at 2650 Thousand Oaks, Suite 4220, Memphis, TN 38118.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Without waiving Plaintiff's dispute of the Alleged Debt, this debt has a creditor of Methodist Health Care, is a medical debt and was incurred for personal purposes.

10. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

11. Defendant reported the Alleged Debt on the Plaintiff's credit report.

12. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on December 21, 2016.

13. Plaintiff examined his credit report again on February 27, 2017 and found that Defendant had re-reported the Alleged Debt on Plaintiff's credit report in February of 2017. When Defendant re-reported the Alleged Debt after it had notice of Plaintiff's dispute, it did not list the account as "disputed by consumer" despite being required to do so by the FDCPA.

14. As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), 1692e(10), and 1692f.

17. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tiara Hopkins demands judgment from the Defendant Revenue Assurance Professionals, LLC as follows:

a)     For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)     For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)     For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)     For a declaration that Defendant's practices violated the FDCPA; and

e)     For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this 21st day of April, 2017

/s/ Daniel Zemel
Daniel Zemel, Esq.
Zemel Law, LLC
78 John Miller Way
Suite 430
Kearny, NJ 07032
T:  862-227-3106
F:  862-204-5901
DZ@zemellawllc.com

3

*Attorneys for Plaintiff*